2000 UT 38

**STATE of Utah, Plaintiff and Respondent,**

v.

**Joseph P. TUNZI, Defendant and Petitioner.**

No. 20000022.

Supreme Court of Utah.

April 14, 2000.

Jan Graham, Att'y Gen., Laura B. Dupaix, Asst. Att'y Gen., Salt Lake City, for plaintiff.

Joan C. Watt, John O'Connell, Jr., Salt Lake City, for defendant.

ON CERTIORARI TO THE UTAH COURT OF APPEALS

MEMORANDUM DECISION and ORDER

DURHAM, Justice:

¶ 1 Petitioner, Joseph P. Tunzi, by writ of certiorari, seeks review of an order of remand issued by the court of appeals directing the trial court to prepare and approve a "statement of the evidence or proceedings" pursuant to Utah Rule of Appellate Procedure 11(g). We grant petitioner's writ of certiorari, reverse the court of appeals, and remand the case to the trial court for a new trial.

¶2 Following a two-day trial, petitioner was convicted of aggravated assault, a third degree felony, in violation of Utah Code Ann. § 76–5–103 (1999). Subsequent to his conviction, petitioner filed a timely notice of appeal raising the following two issues:

(1) Whether there was insufficient evidence for the jury to convict petitioner of aggravated assault; and

(2) Whether the trial court erred in failing to find that it had lost jurisdiction and failing to remand the case back to juvenile court.

Petitioner's counsel thereafter learned that the trial court was unable to locate the videotape of the second day of trial, and that a transcript of that day would therefore not be available. As a result, petitioner filed a motion for summary reversal in the court of appeals seeking a new trial. The State agreed that such a reversal was appropriate. Ultimately, the court of appeals denied petitioner's motion for summary reversal and remanded the case with instructions to reconstruct the record of the second day of trial.

¶3 We disagree with the court of appeals' action upon petitioner's motion for summary reversal. A main issue on appeal in this case is whether there is sufficient evidence in the record to support petitioner's conviction. Resolution of this issue will necessarily involve reviewing the evidence contained in the record. At present, the record does not contain evidence presented on the second day of petitioner's two-day trial. During that day, the State called half of its witnesses, including the only witness directly implicating petitioner. Thus, fully one half of the case against petitioner is missing from the record. While reconstruction of the record may be appropriate in circumstances where only a minor portion of the record is missing, such an attempt, in our experience, is unduly burdensome for the trial court and the parties when a major portion of the record is missing, as in the instant case. Moreover, attempts to reconstruct major portions of records often prove to be futile because such reconstructions often fail to provide the detail necessary to resolve the issues on appeal. The burdens and futility associated with reconstructing a record are increased exponentially when the issue on appeal concerns the sufficiency of the evidence supporting a conviction, as it does here. Therefore, to avoid needless burdens and delay, we reverse the court of appeals and remand this case to the trial court for a new trial.

¶4 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURRANT, and Justice WILKINS concur in Justice DURHAM's opinion.