2010 UT 53

**STATE of Utah, Plaintiff and Respondent,**

v.

**David E. EPLING, Defendant and Petitioner.**

No. 201000375.

Supreme Court of Utah.

Oct. 1, 2010.

Mark L. Shurtleff, Att'y Gen., Erin Riley, Asst. Att'y Gen., Salt Lake City, for plaintiff.

Elizabeth Hunt, Salt Lake City, for defendant.

On Certiorari to the Utah Court of Appeals

PER CURIAM:

¶ 1 This matter is before the court on petition for certiorari review of an intermediate decision of the court of appeals. We dismiss the petition without prejudice.

## BACKGROUND

¶ 2 David E. Epling pled no contest to three counts of sexual abuse of a child. He filed a timely motion to withdraw his plea. Subsequently, he withdrew that motion. The district court imposed consecutive terms for the three counts. Epling appealed. His docketing statement described the sole issue as whether the district court abused its discretion in sentencing him to consecutive terms. However, Epling then filed a motion for remand pursuant to rule 23B of the Utah Rules of Appellate Procedure to determine whether his trial counsel had been ineffective in relation to his plea and in advising him to withdraw his motion to withdraw his plea.[1] The court of appeals requested that the parties submit memoranda addressing the issue of whether it had "jurisdiction to consider the claims raised in Epling's rule 23B motion." The State responded by moving to "dismiss, for lack of jurisdiction, the portion of [Epling's] appeal which raises issues concerning his plea." On April 22, 2010, the court of appeals issued a per curiam opinion dismissing Epling's claims of ineffective assistance

---

1. The appellate attorney who filed the docketing statement subsequently withdrew. The rule 23B motion was filed by Epling's present appellate counsel.

of counsel in relation to his plea. The court of appeals retained jurisdiction of the appeal insofar as it challenged Epling's sentence. Epling filed a petition for certiorari challenging the April 22 decision. We requested that the parties file supplemental pleadings regarding the issue of our jurisdiction over the petition. We now conclude that we lack jurisdiction.

## DISCUSSION

¶3 Rule 45 of the Utah Rules of Appellate Procedure indicates that Epling may challenge the April 22 decision by petition for certiorari. Specifically, it states that "[u]nless otherwise provided by law, the review of a judgment, an order, and a decree (hereafter referred to as 'decisions') of the court of appeals shall be initiated by a petition for a writ of certiorari to the Supreme Court of Utah." Utah R.App. P. 45. Rule 45 draws no distinctions between intermediate and final decisions. However, the *timing* of a petition challenging an intermediate decision is separately governed by rule 48 of the Utah Rules of Appellate Procedure, which provides that "[a] petition for a writ of certiorari must be filed with the Clerk of the Supreme Court within 30 days after the entry of the *final decision* by the Court of Appeals." Utah R.App. P. 48(a) (emphasis added).[2] Rule 48(e) provides for extensions of time of the deadline prescribed by rule 48(a), but it does not otherwise alter the requirement that the petition be brought *after* the issuance of the final decision. Thus, the April 22 intermediate decision may be challenged by petition for writ of certiorari only after the issuance of the court of appeals' final decision on Epling's appeal.[3] To construe the term "final decision" as applicable to any intermediate decision of the court of appeals would have the effect of rendering the word "final" superfluous. Accordingly, a final decision has not yet issued for Epling's appeal because the sentencing issue described in his docketing statement is still pending.

¶4 We acknowledge that we have adjudicated a challenge to an intermediate decision of the court of appeals on certiorari on at least one occasion. *See State v. Tunzi*, 2000 UT 38, ¶1, 998 P.2d 816. However, the jurisdictional issue was not considered in that case. Moreover, although a petition for writ of certiorari does not provide a procedural mechanism to immediately challenge an intermediate order of the Court of Appeals, we may retain the option to address such an intermediate order by petition for extraordinary writ.

¶5 In this case, we decline to construe the petition for certiorari as a petition for extraordinary writ. Epling may seek certiorari review of the April 22 decision after the entry of a final decision on his appeal.

2. Rule 48 is enumerated, along with rules 4(a), 4(b), 4(e), 5(a), 52, and 59, as a provision that may not be suspended pursuant to rule 2 of the Utah Rules of Appellate Procedure. Each nonsuspendable provision describes the time limits governing the exercise of this court's jurisdiction over a particular procedural form of a challenge to the ruling of a lower tribunal. These provisions also consistently have been treated as describing jurisdictional limitations on this court's authority.

3. The April 22 intermediate decision may be viewed as analogous to an interlocutory order of a trial court. Interlocutory orders are not subject to immediate appellate review (except in certain circumstances specified by statute or rule that are not applicable to intermediate orders of the court of appeals), but they may be challenged on direct appeal following entry of the final judgment of the trial court. *See, e.g.*, Utah R. Civ. P. 54(b).